UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORDAN V. JANSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MARK A. NORCROSS, an individual,<br><br>Defendant. | NO.<br><br>NOTICE OF REMOVAL BY DEFENDANT<br><br>King County Superior Court<br>Cause No. 15-2-30012-1 SEA |

TO:    THE CLERK OF THE ABOVE-ENTITLED COURT

Pursuant to the provisions of 28 U.S.C. §§ 1441(a)-(b), 28 U.S.C. § 1446, and 28 U.S.C. § 1332, Mark A. Norcross files this Notice of Removal of this cause from the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington, Seattle Division. In support of this Notice of Removal, Defendant states as follows:

## I. INTRODUCTION

Plaintiff Jordan V. Jansen filed his Complaint for Breach of Contract, Failure to Pay Wages and Willful Withholding of Wages, and Unjust Enrichment against Mark A. Norcross, Rena R. Norcross, and Aggate, LLC on December 10, 2015, in the Superior Court for the State of Washington for King County. A true and correct copy of Plaintiff's Complaint ("Complaint") is attached hereto as **Attachment A**. On January 26, 2016, Judge John P. Erlick of the Superior Court for the State of Washington for King County granted Plaintiff's CR 41

NOTICE OF REMOVAL BY DEFENDANT - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5682509.1

Motion for Partial Dismissal and dismissed Rena A. Norcross and Aggate, LLC, as well as the Breach of Contract and Unjust Enrichment Claims, from the action. As of January 26, 2016, Plaintiff has one claim for failure to pay wages and willful withholding of wages against one defendant, Mark A. Norcross. This action is now removable.

II. NOTICE OF REMOVAL IS TIMELY

Mr. Norcross first ascertained that this action is one which has become removable on January 26, 2016, when Superior Court Judge John P. Erlick granted Plaintiff's CR 41 Motion for Partial Dismissal and dismissed Rena A. Norcross and Aggate, LLC from the action. Declaration of Mark S. Davidson in Support of Notice of Removal by Defendant ("Davidson Decl."), **Ex. 1**. Mr. Norcross now files this Notice of Removal within 30 days of service of Judge Erlick's Order. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3).

III. THIS COURT HAS DIVERSITY JURISDICTION

This lawsuit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and, therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Removal under § 1441 is appropriate when there is complete diversity of citizenship between plaintiffs and all defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties – Plaintiff Mr. Jansen is a citizen of Washington and Defendant Mr. Norcross is a citizen of North Carolina – and the amount in controversy exceeds $75,000. Removal is proper under 28 U.S.C. § 1441(b).

A.    There is Complete Diversity of Citizenship

As previously stated, on January 26, 2016, Superior Court Judge John P. Erlick granted Plaintiff's CR 41 Motion for Partial Dismissal and dismissed Rena A. Norcross and Aggate,

NOTICE OF REMOVAL BY DEFENDANT - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5682509.1

LLC from the action. As of January 26, 2016, Plaintiff has one claim against one defendant, Mark A. Norcross. Davidson Decl., **Ex. 1**.

Prior to the Court's January 26, 2016 Order dismissing Rena R. Norcross and Aggate, LLC, no complete diversity of citizenship existed. Plaintiff Mr. Jansen "is an individual residing in Seattle, Washington." Compl. at ¶ 1.1. Defendant Mr. Norcross "is an individual who, upon information and belief, resides in High Point, North Carolina." *Id.* at ¶ 1.2. Defendant "Norcross and Rena R. Norcross form a marital community under the laws of North Carolina and Washington." *Id.* Defendant Aggate, LLC "is a duly registered and licensed North Carolina corporation that has its principal place of business in High Point, North Carolina." *Id.* at ¶ 1.3.

For the purposes of determining citizenship, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members." *Martinez v. Planetechs, LLC*, 2013 U.S. Dist. LEXIS 112136 at *1-2 (W.D. Wash. Aug. 7, 2013) (citing *Johnson*, 437 F.3d at 899). As alleged on the face of the Complaint, Aggate, LLC is a limited liability company. Therefore, its citizenship is determined by the citizenship of the owners and/or members of the company. Plaintiff Jansen was one of the members of Aggate, LLC. Davidson Decl., **Ex. 2**, Ex. A thereto (Declaration of Jordan Jansen in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, Exhibit A); *see also* Davidson Decl., **Ex. 3**, ¶¶ 3, 7 thereto (Reply Declaration of Mark A. Norcross in Support of his Motion to Dismiss for Lack of Personal Jurisdiction, ¶¶ 3, 7). Therefore, because Mr. Jansen is a member of Aggate, LLC, and a citizen of Washington State, no diversity existed.

NOTICE OF REMOVAL BY DEFENDANT - 3

However, when Aggate, LLC, was dismissed from the action, complete diversity existed. As of January 26, 2016, the action has one plaintiff and one defendant. Davidson Decl., **Ex. 1**. As previously stated, the Plaintiff Mr. Jansen is a citizen of Washington State and the Defendant Mr. Norcross is a citizen of North Carolina. Complete diversity of citizenship now exists between the parties.

B.     The Amount in Controversy Exceeds $75,000

The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. A defendant can establish the amount in controversy by allegations in a complaint or by setting forth facts in the notice of removal that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 576 (9th Cir. 1992). To determine whether the amount in controversy has been satisfied when a state-court complaint is unclear or ambiguous, courts apply a preponderance of the evidence standard. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)). It is the defendant's burden to establish the amount in controversy by a preponderance of the evidence, and the defendant may do so by presenting such facts in its petition for removal and by presenting "any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

Mr. Jansen's complaint fails to allege a specific amount of damages, but does allege, "[f]rom September 2013 to present, Defendants failed to timely pay Plaintiff his complete salary and reimburse his expenses." Compl. at ¶ 3.7. He further alleges, "Plaintiff remains employed by Defendants and continues to perform his job duties without compensation due and owing under the terms of the Agreement." *Id.* at ¶ 3.10. Exhibit A to the Declaration of Jordan Jansen in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss reflects that the unpaid wages he claims Mr. Norcross owes him total approximately $618,759 (a

NOTICE OF REMOVAL BY DEFENDANT - 4

5682509.1

minimum of 27 months of wages at the alleged rate of $22,917 a month).[1] Davidson Decl., **Ex. 2, Ex. A.**

Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, this Court has original jurisdiction based on diversity and removal is proper.

## IV. PROCEDURAL COMPLIANCE

Pursuant to Local Rule 101(b), attached as **Attachment B** are true and correct copies of the following pleadings filed in King County Superior Court:

1. Complaint
2. Order Setting Civil Case Schedule
3. Case Information Cover Sheet
4. Summons
5. Affidavit/Declaration of Service of Mark Norcross
6. Affidavit/Declaration of Service of Rena Norcross
7. Notice to Withdrawal and Substitution of Counsel for Plaintiff
8. Notice of Appearance for Mark A. Norcross and Rena R. Norcross
9. Notice of Hearing for Defendants Norcross's Motion to Dismiss
10. Norcross Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Etc.
11. Declaration of Mark Norcross in Support of His Motion to Dismiss for Lack of Personal Jurisdiction
12. Declaration of Rena Norcross in Support of Her Motion to Dismiss
13. Declaration of Brian DeLahunta in Support of Norcross Defendants' Motion to Dismiss
14. Declaration of Martin Belz in Support of Norcross Defendants' Motion to Dismiss

---

[1] Mr. Norcross disputes Mr. Jansen's claim in its entirety.

NOTICE OF REMOVAL BY DEFENDANT - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5682509.1

15. Declaration of Jamie Hale in Support of Norcross Defendants' Motion to Dismiss

16. Declaration of Margaret A. Duncan in Support of Norcross Defendants' Motion to Dismiss

17. Affidavit/Declaration of Service

17A. Notice of Hearing for Plaintiff's Rule 41 Partial Motion to Dismiss

17B. Plaintiff's CR 41 Motion for Partial Dismissal

18. Certificate of E-Service

19. Notification of Error in Previous Filing Re: CR 51 Motion for Partial Dismissal

20. Plaintiff's Opposition to Defendants' Motion to Dismiss

21. Declaration of Jordan Jansen in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss

22. Norcross Defendants' Reply in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction, Etc. and/or Request for Preliminary Hearing

23. Reply Declaration of Mark A. Norcross in Support of his Motion to Dismiss for Lack of Personal Jurisdiction

24. Order Granting CR 41 Motion for Partial Dismissal

These documents constitute the entire records and proceedings filed in King County Superior Court. Any additional records that appear on the docket after the filing date of this Removal will be provided to the Court within 14 days pursuant to LCR 101(b).

This Notice of Removal is properly filed in the United States District Court for the Western District of Washington because this Court embraces King County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. § 1446(d), Mr. Norcross is filing a copy of this Notice of Removal with the Clerk of Superior Court of King County, Washington, and is also serving a copy of this Notice of Removal on Mr. Jansen's counsel of record in the state court action.

NOTICE OF REMOVAL BY DEFENDANT - 6

5682509.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## V. INTRADISTRICT ASSIGNMENT

Plaintiff filed the instant matter in King County, Washington. Pursuant to Local Rule 101(e) and 3(d)(1), Mr. Norcross removes the instant matter to the Seattle division of the Western District of Washington.

WHEREFORE, Mr. Norcross respectfully removes the matter of *Jordan V. Jansen v. Mark A. Norcross*, No. 15-2-30012-1 SEA from the Superior Court of King County, Washington, to the United States District Court for the Western District of Washington at Seattle, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  By seeking removal, Mr. Norcross does not waive any defenses, including but not limited to lack of personal jurisdiction.

DATED this 28th day of January, 2016.

s/ Mark S. Davidson
s/ Margaret A. Duncan
Mark S. Davidson, WSBA #06430
Margaret A. Duncan, WSBA #47876
Attorneys for Defendant Mark A. Norcross
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
mdavidson@williamskastner.com
mduncan@williamskastner.com

NOTICE OF REMOVAL BY DEFENDANT - 7

5682509.1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on the below date, I electronically filed the foregoing document with the Clerk of the court using the electronic filing system, and further certify that I caused delivery of a true copy of the foregoing document to counsel below by the method indicated:

| *Attorneys for Plaintiff:* | |
|---|---|
| Daniel Kalish<br>HKM Employment Attorneys LLP<br>600 Stewart Street, Suite 901<br>Seattle, WA 98101<br>Ph: (206) 826-5354<br>dkalish@hkm.com | ☒ Via Legal Messenger<br>☐ Via Facsimile<br>☐ Via Electronic Mail<br>☐ Via United States Mail |

Signed at Seattle, Washington this 28th day of January, 2016.

s/ Catherine Brey
Legal Assistant

NOTICE OF REMOVAL BY DEFENDANT - 8

5682509.1